TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

J. BRETT GROSKO, *Senior Trial Attorney*
Wildlife and Marine Resources Section
HANNAH O'KEEFE, *Trial Attorney*
Natural Resources Section
P.O. Box 7369, Ben Franklin Station
Washington, D.C. 20044
(202) 305-0342 | Phone (Grosko)
(202) 616-3353 | Phone (O'Keefe)
Brett.Grosko@usdoj.gov
Hannah.Okeefe@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER and FRIENDS OF THE SHASTA RIVER,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALECIA VAN ATTA, in her official capacity as Assistant Regional Administrator, California Coastal Office, National Marine Fisheries Service, *et al.*,<br><br>*Defendants*. | Civ. No. 3:22-cv-3520 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Alecia Van Atta, in her official capacity as Assistant Regional

Administrator, California Coastal Area Office, National Marine Fisheries Service, Jim Simondet,

in his official capacity as Klamath Branch Chief, California Coastal Area Office, National

Marine Fisheries Service ("NMFS"), and the National Marine Fisheries Service (collectively, "Defendants"), hereby respond to the allegations contained in the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. When this Answer refers to a sentence within a paragraph of the Complaint, such reference applies to the sentence and any accompanying citation(s). Any allegation in the Complaint that are not specifically admitted, denied, or qualified in the paragraphs below are denied.

## INTRODUCTION

1.      The allegations contained in the first and sixth sentences of paragraph 1 purport to characterize Plaintiffs' Complaint, to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in the first and sixth sentences of paragraph 1. The allegations contained in the second sentence of paragraph 1 purport to characterize certain Endangered Species Act ("ESA") Enhancement of Survival Permits Associated with the Template Safe Harbor Agreement for the Conservation of Coho Salmon in the Shasta River ("Permits"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied. Defendants deny the allegations contained in the third and fifth sentences of paragraph 1. The allegations contained in the fourth sentence of paragraph 1 purport to characterize NMFS's biological opinion concerning the effects of issuance of the Permits on ESA-listed species ("Opinion"), and Environmental Assessment ("EA") related to the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Opinion and EA are denied.

2.      The allegations contained in the first sentence of paragraph 2 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny

the allegations contained in the first sentence of paragraph 2. Defendants admit the allegations contained in the second of paragraph 2 that it received a notice from Plaintiffs, which purports to provide notice of their intent to sue. Defendants admit the allegations contained in the third sentence that Defendants and Plaintiffs have engaged in discussions concerning the content of Plaintiffs' notice of intent to sue letter, but deny the remaining allegations contained in the third sentence of paragraph 2.

3. The allegations contained in the first and second sentences of paragraph 3 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first and second sentences of paragraph 3.

4. The allegations contained in paragraph 4 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in paragraph 4.

5. As to the allegations contained in the first sentence of paragraph 5, Defendants admit that Alecia Van Atta is the Assistant Regional Administrator of the California Coastal Area Office of the NMFS West Coast Region. As to the allegations contained in the second sentence of paragraph 5, Defendants admit that one of NMFS's California Coastal Area offices is located in Santa Rosa, California, Sonoma County, but aver that the California Coastal Area Office also has locations in Yreka, Arcata, and Long Beach, California. As to the allegations contained in the third sentence of paragraph 5, Defendants admit that Jim Simondet is the Klamath Branch Chief of the California Coastal Area office, which is located in Arcata, California. The remaining allegations contained in the first, second and third sentences of paragraph 5 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in the first, second,

and third sentences of paragraph 5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 5 and deny them on that basis.

6.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and deny them on that basis.

7.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and deny them on that basis.

8.  In response to the allegations contained in the first sentence of paragraph 8, Defendants admit that Alecia Van Atta is the Assistant Regional Administrator of the California Coastal Area Office of the NMFS West Coast Region, and that one of NMFS's California Coastal Area offices is located in Santa Rosa, California. The allegations contained in the second sentence of paragraph 8 purport to characterize Plaintiffs' Complaint, to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 8. The allegations contained in the third sentence of paragraph 8 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied. The allegations contained in the fourth sentence of paragraph 8 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the fourth sentence of paragraph 8.

9.  Defendants admit the allegation contained in the first sentence of paragraph 9 that Jim Simondet is the Klamath Branch Chief of the California Coastal Area office and is located in Arcata, California. The allegations contained in the second sentence of paragraph 9 purport to characterize Plaintiffs' Complaint, to which no response is necessary. To the extent a response is

required, Defendants deny the allegations contained in the second sentence of paragraph 9. The allegations contained in the third sentence of paragraph 9 purport to characterize the EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the EA are denied. The allegations contained in the fourth sentence of paragraph 9 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the fourth sentence of paragraph 9.

10. In response to the allegations contained in the first sentence of paragraph 10, Defendants admit that one of the offices that comprise NMFS's California Coastal Area Office is located in Santa Rose, California, and that NMFS is a federal agency within the U.S. Department of Commerce. The allegations contained in the second sentence of paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 are vague and ambiguous, and are denied on that basis.

19.     Defendants admit that coho salmon in the Shasta River generally have a three-year life cycle, but aver that there are variations in the species' life history strategy, including a two-year life history strategy that produces jacks, and deny the remaining allegations contained in paragraph 19.

20.     Defendants admit that adult coho salmon have returned to the Shasta River as early as the first week in October, but aver that coho salmon have also returned to the Shasta River as late as the last week of December, and deny the remaining allegations contained in paragraph 20.

21.     Defendants admit the allegations contained in paragraph 21.

22.     Defendants admit the allegations contained in paragraph 22.

23.     The allegations contained in paragraph 23 are vague and ambiguous, and are denied on that basis.

24.     Defendants admit the allegations contained in paragraph 24.

25.     Defendants admit that some coho salmon spawn in the Shasta River canyon from river mile 0 to 7, but deny the remaining allegations contained in paragraph 25.

26.     Defendants admit that some coho salmon spawn in the mainstem Shasta River from river mile 32 to 36, but deny the remaining allegations contained in paragraph 26.

27.     Defendants admit that some coho salmon spawn in Big Springs Creek, but deny the remaining allegations contained in paragraph 27.

28.     Defendants admit that some coho salmon spawn in lower Parks Creek, but deny the remaining allegations contained in paragraph 28.

29. Defendants admit that juvenile coho salmon rear in the Shasta River canyon from river mile 0 to 7 at some times of the year, but deny the remaining allegations contained in paragraph 29.

30. Defendants admit that some juvenile coho salmon rear in the mainstem river from river mile 32 to 36, but deny the remaining allegations contained in paragraph 30.

31. Defendants admit that some juvenile coho salmon rear in Big Springs Creek, but deny the remaining allegations in paragraph 31.

32. Defendants admit that juvenile coho salmon rear in lower Parks Creek at some times of the year, but deny the remaining allegations contained in paragraph 32.

33. NMFS admits that juvenile coho salmon have been documented to rear in lower Yreka creek, but deny the remaining allegations contained in paragraph 33..

34. Defendants admit the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 are vague and ambiguous, and are denied on that basis.

36. The allegations contained in paragraph 36 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied.

37. The allegations contained in paragraph 37 purport to characterize an unidentified document or documents, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that unidentified document or documents are denied.

38. The allegations contained in paragraph 38 purport to characterize an unidentified document or documents, which speaks for itself and provides the best evidence of its contents.

Any allegations contrary to the plain language, meaning, and context of that unidentified document or documents are denied.

39. The allegations contained in paragraph 39 purport to characterize an unidentified document or documents, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that unidentified document or documents are denied.

40. The allegations contained in paragraph 40 purport to characterize an unidentified *Federal Register* ESA coho salmon listing document, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that unidentified *Federal Register* document are denied.

41. Defendants admit that at least 115 adult coho are estimated to have returned to the Shasta River in 2012, but deny the remaining allegations contained in paragraph 41.

42. Defendants admit that at least 39 adult coho are estimated to have returned to the Shasta River in 2018, but deny the remaining allegations contained in paragraph 42.

43. Defendants admit that at least 37 adult coho are estimated to have returned to the Shasta River in 2020, but deny the remaining allegations contained in paragraph 43.

44. Defendants admit the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are vague and ambiguous and are denied on that basis.

46. Defendants admit the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 are vague and ambiguous and are denied on that basis.

48. Defendants admit the allegations contained in paragraph 48.

49. Defendants admit the allegations contained in paragraph 49.

50. Defendants admit the allegations contained in paragraph 50.

51. Defendants admit the allegations contained in paragraph 51.

52. Defendants admit the allegations contained in paragraph 52.

53. Defendants admit the allegations contained in paragraph 53.

54. Defendants admit the allegations contained in paragraph 54.

55. Defendants admit the allegations contained in paragraph 55.

56. Defendants admit the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 are vague and ambiguous, and are denied on that basis.

59. The allegations contained in paragraph 59 are vague and ambiguous, and are denied on that basis.

60. Defendants deny the allegations contained in paragraph 60.

61. The allegations contained in paragraph 61 are vague and ambiguous, and are denied on that basis.

62. The allegations contained in paragraph 62 are vague and ambiguous, and are denied on that basis.

63. The allegations contained in the paragraph 63 purport to characterize a certain 2017 NMFS biological opinion concerning a proposed Conservation and Habitat Enhancement Restoration Project related to the operations of Dwinnell Dam ("2017 BiOp"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that 2017 BiOp are denied.

64. The allegations contained in the paragraph 64 purport to characterize a certain joint NMFS and U.S. Fish and Wildlife Service Safe Harbor policy ("Safe Harbor Policy"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that Safe Harbor Policy are denied.

65. The allegations contained in the paragraph 65 purport to characterize the EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that EA are denied.

66. The allegations contained in paragraph 66 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied.

67. The allegations contained in paragraph 67 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

68. The allegations contained in paragraph 68 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

69. The allegations contained in paragraph 69 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

70. The allegations contained in paragraph 70 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

71. The allegations contained in paragraph 71 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

72. The allegations contained in paragraph 72 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

73. The allegations contained in paragraph 73 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

74. The allegations contained in paragraph 74 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

75. The allegations contained in paragraph 75 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

76. The allegations contained in paragraph 76 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

77. The allegations contained in paragraph 77 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

78. The allegations contained in paragraph 78 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

79. The allegations contained in paragraph 79 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

80. Defendants admit the allegations contained in paragraph 80.

81. The allegations contained in paragraph 81 are vague and ambiguous, and are denied on that basis.

82. The allegations contained paragraph 82 are vague and ambiguous, and are denied on that basis.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

85. The allegations contained in paragraph 85 are vague and ambiguous, and are denied on that basis.

86. The allegations contained in paragraph 86 are vague and ambiguous, and are denied on that basis.

87. The allegations contained in paragraph 87 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied.

88. The allegations contained in paragraph 88 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied.

89. The allegations contained in paragraph 89 are vague and ambiguous, and are denied on that basis.

90. The allegations contained in paragraph 90 are vague and ambiguous, and are denied on that basis.

91. The allegations contained in paragraph 91 are vague and ambiguous, and are denied on that basis.

92. The allegations contained in paragraph 92 are vague and ambiguous, and are denied on that basis.

93. The allegations contained in paragraph 93 are vague and ambiguous, and are denied on that basis.

94. Defendants admit the allegations contained in paragraph 94.

95. Defendants admit the allegations contained in paragraph 95.

96. Defendants admit the allegations contained in paragraph 96.

97. The allegations contained in paragraph 97 are vague and ambiguous, and are denied on that basis.

98. Defendants admit the allegations contained in paragraph 98.

99. Defendants admit the allegations contained in paragraph 99.

100. Defendants deny the allegations contained in paragraph 100.

101. Defendants deny the allegations contained in paragraph 101.

102. The allegations contained in paragraph 102 are vague and ambiguous, and are denied on that basis.

103. The allegations contained in paragraph 103 are vague and ambiguous, and are denied on that basis.

104. The allegations contained in paragraph 104 are vague and ambiguous, and are denied on that basis.

105. The allegations contained in paragraph 105 are vague and ambiguous, and are denied on that basis.

106. Defendants deny the allegations contained in paragraph 106.

107. Defendants deny the allegations contained in paragraph 107.

108. The allegations contained in paragraph 108 purport to characterize the Permits, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those Permits are denied.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109, and deny them on that basis.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 and deny them on that basis.

111. Defendants re-allege and incorporate by reference their answers to paragraphs 1-110.

112. The allegations contained in the first sentence of paragraph 112 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 112. The allegations contained in the second sentence of paragraph 112 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied. Defendants deny the allegations contained in the third sentence of paragraph 112.

113. The allegations contained in the first, second, fourth and fifth sentences of paragraph 113 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied. The allegations contained in the third sentence of paragraph 113 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the third sentence of paragraph 113.

114. The allegations contained in the first sentence of paragraph 114 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 114. The allegations contained in the second and third sentences of paragraph 114 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Opinion are denied. Defendants deny the allegations contained in the fourth sentence of paragraph 114.

115. Defendants deny the allegations contained in paragraph 115.

116. Defendants deny the allegations contained in paragraph 116.

117. Defendants deny the allegations contained in paragraph 117.

118. Defendants deny the allegations contained in paragraph 118.

119. The allegations contained in the first and second sentences of paragraph 119 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first and second sentences of paragraph 119. The allegations contained in the third sentence of paragraph 119 purport to characterize the Opinion, which speaks for itself and provides the best evidence of its contents. Any allegations

contrary to the plain language, meaning, and context of the Opinion are denied. Defendants deny the allegations contained in the fourth sentence of paragraph 119.

120. The allegations contained in the first sentence of paragraph 120 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 120. Defendants deny the allegations contained in the second and third sentences of paragraph 120.

121. The allegations contained in the first, second, and third sentences of paragraph 121 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in the first, second, and third sentences of paragraph 121. Defendants deny the allegations contained in the fourth sentence of paragraph 121.

122. The allegations contained in the first sentence of paragraph 122 consist of legal conclusions, which require no response, and purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the ESA are denied. Defendants deny the allegations contained in the second and third sentences of paragraph 122.

123. The allegations contained in the first sentence of paragraph 123 purport to characterize the Safe Harbor Policy, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Safe Harbor Policy are denied. Defendants deny the allegations contained in the second, third, and fourth sentences of paragraph 123.

124. Defendants re-allege and incorporate by reference their answers to paragraphs 1-123.

125. The allegations contained in the first sentence of paragraph 125 purport to characterize the EA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the EA are denied. Defendants deny the allegations contained in the second, third, and fourth sentences of paragraph 125.

126. Defendants deny the allegations contained in paragraph 126.

127. Defendants re-allege and incorporate by reference their answers to paragraphs 1-126.

128. The allegations contained in paragraph 128 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations contained in paragraph 128.

## REQUEST FOR RELIEF

The remaining paragraphs in the Complaint provide Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

## GENERAL DENIAL

All allegations contained in the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over Plaintiffs' claims.

2. The Plaintiffs lack standing to sue.

3. Some or all of Plaintiffs' allegations fail to state a claim upon which relief can be granted.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the requested relief or any relief from this Court, and request that this action be dismissed with prejudice, that judgment be entered in favor of Defendants, and that Defendants be allowed their costs and such other and further relief as the Court may allow.

    Respectfully submitted,

    TODD KIM
    Assistant Attorney General
    U.S. Department of Justice
    Environment & Natural Resources Division

      /s/ J. Brett Grosko
    J. BRETT GROSKO
    *Senior Trial Attorney* (Maryland Bar)
    Wildlife and Marine Resources Section
    HANNAH O'KEEFE
    *Trial Attorney*
    Natural Resources Section
    U.S. Department of Justice
    Environment and Natural Resources Division
    P.O. Box 7369, Ben Franklin Station
    Washington, D.C.  20044
    (202) 305-0342 | Phone (Grosko)
    (202) 616-3353 | Phone (O'Keefe)
    (202) 305-0275 | Fax
    Brett.Grosko@usdoj.gov
    Hannah.Okeefe@usdoj.gov

    *Attorney for Defendants*

*Of Counsel*

Rachel Morris, *Attorney-Advisor*
Laurie Beale, *Attorney-Advisor*
U.S. Department of Commerce
National Oceanic and Atmospheric Administration
Office of General Counsel, Northwest Section
Seattle, Washington

## CERTIFICATE OF SERVICE

    I hereby certify that on August 31, 2022, I caused the foregoing document to be served upon counsel of record, as indicated below, through the Court's electronic service system (ECF/CM):

                                                   /s/ J. Brett Grosko
                                          *Attorney for Defendants*