1   **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    DOUGLAS R. TRIBBLE (Cal Bar No. 116868)
2   501 W. Broadway, Suite 1100
    San Diego, CA  92101-3575
3   Telephone: (619) 234-5000
    Facsimile: (619) 236-1995
4   Email:  douglas.tribble@pillsburylaw.com

5   **PILLSBURY WINTHROP SHAW PITTMAN LLP**
    MICHAEL J. KASS (Cal Bar No. 148822)
6   50 Fremont Street
    San Francisco, CA  94105-2228
7   Telephone:  (415) 983-1000
    Facsimile:  (415) 983-1200
8   Email:  michael.kass@pillsburylaw.com

9   Attorneys for Defendant Dynegy Marketing And Trade
    (additional counsel listed on signature page)

10

11

12                  **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
13

14  In re:

15  WESTERN STATES WHOLESALE              MDL Docket No. 1566
    NATURAL GAS ANTITRUST                 CV-S-03-1431-PMP (PAL)
16  LITIGATION                            BASE FILE

17  ─────────────────────────────────
18  THIS DOCUMENT RELATES TO:

    BRECKENRIDGE BREWERY OF               **Case No. CV-S-06-1351-PMP (PAL)**
19  COLORADO, LLC, *et al.,*

20                          Plaintiffs,

21                v.

22  ONEOK INC., *et al.,*

23                          Defendants.

24

25  **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO**

26           **AMEND TO ADD A TREBLE DAMAGES CLAIM**

701022257

1

## TABLE OF CONTENTS

2

Page

3  I.  INTRODUCTION .................................................................:............................ 1

4  II.  BACKGROUND ....................................................................................................... 2

5  III.  DISCUSSION.......................................................................................................... 4

6      A.  Courts Do Not Allow Tactical Maneuvering to Test Legal Claims Through
           Seriatim Amendment of Pleadings. ............................................................ 4

7

8      B.  Plaintiffs' Tactical Maneuver of Seeking Actual Damages Only After Failing
           to Establish the Viability of a Claim For Full Consideration Damages Is
           Improper. ................................................................................................. 8

9

   IV.  CONCLUSION ................................................................................................... 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3    Acri v. Int'l Assoc. of Machinists & Aerospace Workers
         781 F.2d 1393 (9th Cir. 1986) ................................................................. 5
4
     Adams v. Gould, Inc.
5         739 F.2d 858 (3d. Cir. 1984) .................................................................. 7

6    Allen v. City of Beverly Hills
         911 F.2d 367 (9th Cir. 1990) ................................................................. 4
7
     Arandell Corp., et al v. Xcel Energy, Inc., et al.
8         CV-S-07-1019-PMP (PAL) ................................................... 2, 8, 9, 10

9    Breckenridge Brewery of Colorado, LLC et al. v. Oneok, Inc. et al.
         2:06-CV-01351-MPM-PAL ......................................... 2, 3, 4, 7, 9, 10
10
     Dussouy v. Gulf Coast Investment Corp.
11        660 F.2d 594 (5th Cir. 1981) ................................... 4, 5, 6, 8, 10

12   E. & J. Gallo Winery v. Encana Corp.
         503 F.3d 1027 (9th Cir. 2007) ............................................................. 7
13
     Foman v. Davis
14        371 U.S. 178 (1962) ............................................................................. 7

15   Freeman v. Continental Gin Co.
         381 F.2d 459 (5th Cir. 1967) ........................................................... 4, 6
16
     Henry v. Circus Circus Casinos, Inc.
17        223 F.R.D. 541 (D. Nev. 2004) ............................................................ 8

18   In Re Western States Wholesale Natural Gas Antitrust Litigation
         MDL 1566, CV-S-03-1431-PMP (PAL) ........................................ 2, 3, 10
19
     J.P. Morgan Trust Co. v. The Williams Companies, et al. ............................ 2
20
     Kirby v. P. R. Mallory & Co.
21        489 F.2d 904 (7th Cir. 1973) ...................................................... 4, 5, 6

22   Learjet, Inc. et al. v. ONEOK, Inc., et al. ......................................... 2, 3, 10

23   Royal Insurance Co. of America v. Southwest Marine
         194 F.3d 1009 (9th Cir. 1999) ........................................................ 4, 5
24
     S.E.C. v. Gonzalez de Castilla
25        184 F. Supp. 2d 365 (S.D.N.Y. 2002) .................................................. 7

26

1   Stein v. United Artists Corp.
        691 F.2d 885 (9th Cir. 1982) ........................................................................ 4, 5

2
    United States v. Vorachek
3       563 F.2d 884 (8th Cir. 1977) ............................................................................ 7

4                                   <u>Statutes and Codes</u>

5   Colorado Revised Statutes
        Section 6-4-121 ........................................................................................ 2, 3, 4
6

- iii -

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

I. **INTRODUCTION**[1]

Throughout this litigation, including the summary judgment proceedings, Plaintiffs have aggressively (and incorrectly) argued that they are entitled to full refund damages and have explicitly and repeatedly rejected any claim for actual damages.  Plaintiffs made a strategic choice to sue for full refunds and not to sue for actual damages.  This was neither an oversight nor "excusable neglect."

Before the Court ruled that they were not entitled to seek full refund damages against non-contracting defendants, Plaintiffs never claimed that they sought actual damages.  Indeed, Plaintiffs have repeatedly argued that this case, premised exclusively on full refunds, is "critically different" from other cases in which plaintiffs seek actual damages.  Plaintiffs' strategic choice is evident from the papers they filed after Defendants moved for summary judgment on the ground that Plaintiffs lacked standing to seek full refunds.  Plaintiffs' opposition only challenged the standing issue, without arguing that summary judgment was improper because they also sought actual damages.  And simultaneous with filing that opposition, Plaintiffs moved to amend their Complaint for the sole purpose of adding a new defendant; Plaintiffs deliberately and explicitly did not want to add a claim for actual damages before the Court ruled on whether they had standing to pursue full refunds.

Now, having lost on the full refund standing issue, Plaintiffs are trying to salvage their case by citing general legal principles in favor of granting amendment where a plaintiff has acted diligently; they again seek leave to amend their Complaint, this time to finally add a damage claim

---

[1]  In a desperate effort to salvage their case, Plaintiffs filed two motions: (1) Motion for Reconsideration; and (2) Motion for Leave to Amend to Add a Treble Damages Claim.  Because the Motion for Reconsideration also argues that Plaintiffs should be allowed to amend their Complaint to add a claim for damages, Defendants fully address both the reconsideration issue and the amendment issue in their Opposition to the Motion for Reconsideration.  However, as Plaintiffs also filed a separate Motion for Leave to Amend, Defendants file this separate Opposition to the Motion for Leave to Amend which specifically addresses this alternate relief from judgment sought by Plaintiffs.

1    they knew was available, but deliberately eschewed, since this case was filed.  Contrary to

2    prevailing law, Plaintiffs argue they are entitled to a "do-over" in which they are relieved from their

3    unsuccessful strategic choice to seek a potentially lucrative full refund remedy in lieu of damages.  It

4    is well settled that courts will not abide parties engaging in tactical maneuvers to force the court to

5    consider various theories seriatim.  Consistent with Ninth Circuit and other federal authority, this

6    Court should reject Plaintiffs' efforts to test their theories in such piecemeal fashion.[2]

7    **II.        BACKGROUND**

8            Plaintiffs filed their action for violation of the Colorado Antitrust Act on May 19, 2006.

9    *Breckenridge Brewery of Colorado, LLC et al. v. Oneok, Inc. et al.*, 2:06-CV-01351-MPM-PAL

10   ("*Breckenridge*"), Notice of Removal, Doc. #2.  In their Complaint, Plaintiffs' monetary claim was

11   limited to full consideration refunds pursuant to Colorado Revised Statutes section 6-4-121.[3]  *Id.*

12           On October 30, 2006, Plaintiffs filed a "Motion to Create a New MDL Matter for Full

13   Consideration Cases," which requested that this case, along with the *J.P. Morgan Trust Co. v. The*

14   *Williams Companies, et al..* and *Learjet, Inc. et al. v. ONEOK, Inc., et al.,* cases, be transferred from

15   MDL No. 1566 to a new MDL matter on the ground that these cases requested a "full consideration"

16   remedy which made these cases "critically different" from cases requesting actual damages remedy.

17   Judicial Panel on Multidistrict Litigation ("MDL Panel"), *In Re Western States Wholesale Natural*

18   *Gas Antitrust Litigation,* MDL 1566, CV-S-03-1431-PMP (PAL) ("*In Re Nat. Gas Antitrust Litig.*"),

19   Motion to Create a New MDL Matter for Full Consideration Cases, dated October 30, 2006 at p. 3.

20   Plaintiffs' motion was summarily stricken by the Judicial Panel on Multidistrict Litigation.  MDL

21   _____

22   [2]  All Defendants named in Plaintiffs' proposed Amended Complaint join in this Opposition.  Duke
     Energy Carolinas, LLC, f/k/a Duke Energy Corporation, Reliant Energy Inc., CenterPoint Energy,
23   Inc. and CMS Energy Corporation join in this opposition because they were named as Defendants
     in Plaintiffs' proposed Amended Complaint, but do so without waiving and without prejudice to
24   renewing their motions to dismiss on the grounds of lack of personal jurisdiction

25   [3]  Counsel for Plaintiffs has filed suit in *Arandell Corp., et al v. Xcel Energy, Inc., et al.* seeking both
     full refund and standard antitrust damages.  *See Arandell Corp., et al v. Xcel Energy, Inc., et al.,*
26   CV-S-07-1019-PMP (PAL) ("*Arandell*"), Second Amended Complaint, Doc. # 183 at p. 57.

1    Panel, *In Re Nat. Gas Antitrust Litig.*, Order Striking Pleading, dated November 3, 2006 at p. 1.

2    Similarly, in a related MDL 1566 matter, counsel for Plaintiffs filed a "Motion to Appoint Separate

3    Lead Counsel in the Full Consideration Cases" arguing that the cases requesting "full consideration"

4    were so different from the earlier-filed cases in MDL 1566 requesting treble damages under federal

5    and state law that separate lead counsel should be appointed to represent the interests of the

6    plaintiffs in the "full consideration" cases. *See Learjet, Inc., et al. v. Oneok, Inc., et al.*, MDL 1566

7    2:06-CV-00233-PMP-PAL, Plaintiffs' Motion to Appoint Separate Lead Counsel for the Full

8    Consideration Cases, Doc. # 55 at p. 4.  Additionally, in their Opposition to Defendants' Motion to

9    Dismiss this case on the basis of the federal preemption and the filed rate doctrine, Plaintiffs argued

10   at length that this and the other cases requesting a "full consideration" remedy were "fundamentally

11   different" from the earlier-filed cases in MDL 1566 requesting treble damages under federal and

12   state law. *Breckenridge*, Plaintiff's Response to Defendants' Motion to Dismiss on Preemption and

13   Filed Rate Grounds, Doc. # 481 at p. 12-16.

14         On September 7, 2007, Defendants brought a Motion for Summary Judgment in which they

15   argued that that Plaintiffs lacked standing to seek full consideration refunds under Colorado Revised

16   Statutes section 6-4-121 because Plaintiffs did not purchase natural gas directly from any named

17   Defendant. *Breckenridge*, Motion for Summary Judgment, Doc. # 73; *Breckenridge*, Response to

18   Motion for Summary Judgment, Doc. # 103.  On October 12, 2007, the same day that they opposed

19   the Motion for Summary Judgment, Plaintiffs sought leave to amend their Complaint to add a new

20   defendant; neither in their Opposition, nor in their previous motion to amend, did Plaintiffs claim

21   that they sought anything but full consideration refunds. *Breckenridge*, Motion to Amend

22   Complaint, Docs. # 104-105.

23         On February 19, 2008, this Court granted Plaintiffs' motion to amend the Complaint to add

24   the new Defendant.  In the same order the Court granted summary judgment in favor of all moving

25   Defendants other than Xcel Energy, Inc.  The Court held that Plaintiffs had no basis to assert a claim

26   under Section 6-4-121 for full consideration refunds against any Defendant from whom Plaintiffs

1   did not directly purchases gas. *Breckenridge*, Order Granting Defendants' Motion for Summary

2   Judgment, Doc. #131 ("Order"). On that basis, the Court granted Defendants' Motion for Summary

3   Judgment as to those Defendants for whom Plaintiff had presented no evidence of direct purchases.

4   *Id.*

5        Plaintiffs now move the Court to reconsider its grant of Defendants' Motion for Summary

6   Judgment and have moved to amend their Complaint for a second time to include a new damage

7   claim.

8   **III.**   **DISCUSSION**

9       A.   Courts Do Not Allow Tactical Maneuvering to Test Legal Claims Through Seriatim

10             Amendment of Pleadings.

11        The Ninth Circuit and other federal courts do not permit amendments where a plaintiff is

12   trying to assert a new claim based upon facts known or easily discoverable since the beginning of

13   the lawsuit. *See Royal Insurance Co. of America v. Southwest Marine*, 194 F.3d 1009, 1016-17 (9th

14   Cir. 1999); *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982); *Kirby v. P. R. Mallory*

15   *& Co.*, 489 F.2d 904, 912 (7th Cir. 1973). Courts have held that permitting such amendments,

16   particularly after an order granting summary judgment, would undermine the value of pretrial

17   procedures like summary judgment. *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469-70 (5th

18   Cir. 1967).

19        When a plaintiff attempts to add new theories (which are not premised on new facts) after a

20   dispositive motion has been granted, the burden is on plaintiff to explain why it did not fully develop

21   those theories originally. *See Stein*, 691 F.2d 885 at 898; *Allen v. City of Beverly Hills*, 911 F.2d

22   367, 374 (9th Cir. 1990); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir.

23   1981). The *Dussouy* court has noted that where the "the trial court has disposed of the case on the

24   merits, as in the case of summary judgment" the movant should demonstrate a valid basis for not

25   pursuing the theories originally. *See Dussouy*, 660 F.2d at 598 n.2. Plaintiffs have failed to satisfy

26   their burden and have not proffered any reason why they did not pursue the alternative damage

1    theory at the outset of this case.

2         In a case such as this, where Plaintiffs strategically pursued a more lucrative full refund

3    theory, and deliberately omitted a lower-yield damage-based alternative, denial of leave to amend

4    after summary judgment is appropriate.  *See Dussouy*, 660 F.2d at 598-99.  In *Royal Insurance Co.*,

5    after the district court granted summary judgment in favor of defendants, plaintiffs sought leave to

6    file a third amended complaint to assert new claims.  194 F.3d at 1016.  The district court denied

7    leave to amend, and plaintiff appealed.  The Ninth Circuit, while observing the same general policy

8    in favor of amendment relied upon by the Plaintiffs in this case, nonetheless found that plaintiffs'

9    third amended complaint "did nothing more than reassert an old theory of liability based on

10   previously-known facts."  *Id.* at 1017.  The court further observed that "late amendments to assert

11   new theories are not reviewed favorably when the facts and the theory have been known to the party

12   seeking amendment since the inception of the cause of action."  *Id.* (quoting *Acri v. Int'l Assoc. of

13   Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)); *see also Stein*, 691 F.2d at

14   898 (no abuse of discretion in denying motion to file amended complaint where amended complaint

15   was submitted after district court granted defendants' motions to dismiss, and plaintiff "provided no

16   satisfactory explanation for [its] failure to fully develop his contentions originally, and the amended

17   complaint was brought only to assert new theories, if anything, and was not premised upon new

18   facts.").

19        Other circuits follow the same logic prohibiting a plaintiff from adding new theories

20   seriatim.  In *Kirby*, the plaintiff's complaint included a reference to the Clayton Act in a Robinson-

21   Patman Act claim, but did not state a Clayton Act claim.  489 F.2d at 912.  The district court denied

22   plaintiff leave to amend to explicitly add a Clayton Act claim after defendant's summary judgment

23   motion was reset for oral argument.  *Id.*  The district court had concluded that the mere citation to

24   the Clayton Act did not provide sufficient notice to defendant, and thus the pleading did not state a

25   Clayton Act claim.  *Id.*  In upholding the trial court's denial of the motion to amend, the Seventh

26   Circuit observed that the amendment contained no facts unknown to plaintiff at the outset of the

1   action, and concluded that "[i]t is clearly unfair to [defendant] to permit [plaintiff] to remain mute

2   for this period and then to bolster his pleading to prevent an anticipated adverse judgment." *Id.*

3          Likewise, in *Freeman*, the Fifth Circuit applied the same legal doctrine to a belated

4   amendment to an answer and counterclaim.  There, the court found that the facts on which a

5   proposed new counterclaim was based were fully known to the moving party from the outset of the

6   lawsuit, but were alleged under a different theory.  381 F.2d at 469.  As the court observed, "[i]t was

7   not until that theory was rejected by the trial court…that the amendment was tendered seeking to

8   make out a showing of fraud from those facts." *Id.*  The court also explained why amendments to

9   pleadings are disfavored after rulings on motions for summary judgment:

10          Much of the value of summary judgment procedure . . . would be dissipated if a party
            were free to rely on one theory in an attempt to defeat a motion for summary
11          judgment and then, should that theory prove unsound, come back long thereafter and
            fight on the basis of some other theory.
12

13   *Id.* at 469-70.

14          The cases relied upon by Plaintiffs for the general proposition that denial of leave to amend

15   after summary judgment is not always appropriate do not help them here.  In fact, one of those cases

16   discusses the very reasons that Plaintiffs' own motion should be denied.  The court in *Dussouy*

17   allowed an amendment where a plaintiff mistakenly believed that certain facts were not necessary to

18   his claim, and had acted in good faith with respect to a previous amendment.  660 F.2d at 598-99.

19   However, the court cautioned that

20          [i]n other circumstances, that awareness of facts and failure to include them in the
            complaint might give rise to the inference that the plaintiff was engaging in tactical
21          maneuvers to force the court to consider various theories seriatim.  In such a case,
            where the movant first presents a theory difficult to establish but favorable and, only
22          after that fails, a less favorable theory, denial of leave to amend on the grounds of bad
            faith may be appropriate.
23

24   *Id.* at 599.

25          The other cases relied upon by Plaintiffs neither address, nor justify raising various theories

26

1    seriatim.[4]  *United States v. Vorachek*, 563 F.2d 884 (8th Cir. 1977) stands only for the proposition

2    that amendment may be proper where there was no bad faith or dilatory motive by the plaintiff.

3    There, the United States Department of Justice ("DOJ") brought suit against defendants for unpaid

4    tax liability.  The DOJ moved for summary judgment for the unpaid balance due as indicated by tax

5    assessments conducted by the IRS.  *Id.* at 885.  Summary judgment was granted, but several months

6    later, the tax assessments were supplemented by the IRS (without prior knowledge by the DOJ).  *Id.*

7    at 886.  When the DOJ sought to vacate the order granting summary judgment and amend to allege

8    the new amount, the Eighth Circuit allowed amendment because the government's delay was not

9    due to any bad faith or dilatory motive.[5]  *Id.* at 887; *see also S.E.C. v. Gonzalez de Castilla*, 184 F.

10   Supp. 2d 365, 382-84 (S.D.N.Y. 2002) (the plaintiff acquired information regarding additional

11   improper transactions after filing its initial complaint, and sought amendment of that complaint less

12   than four months later; the district court did not find any undue delay, and permitted amendment);

13   *Adams v. Gould, Inc.*, 739 F.2d 858 (3d. Cir. 1984) (where plaintiff had raised alternative theory

14   _____

15   [4]  In addition to the cases discussed below, Plaintiffs rely on *Foman v. Davis*, 371 U.S. 178, 182
     (1962), but there, the court did not engage in any analysis of undue delay or bad faith; rather, it
16   simply found an abuse of discretion where the lower court denied leave to amend without any
     justifying reason.

17   [5]  In their accompanying Motion for Reconsideration, Plaintiffs speciously imply similar diligence
     by asserting that the Ninth Circuit ruling in *E. & J. Gallo Winery v. Encana Corporation* created a
18   "new" treble damages claim.  *See* Plaintiffs' Memorandum in Support of Plaintiff's Motion for
     Reconsideration ("Mot. for Reconsid.") at 19; *E. & J. Gallo Winery v. Encana Corp.* ("*Gallo*"),
19   503 F.3d 1027, 1045-48 (9th Cir. 2007).  The fallacy in Plaintiffs' argument that *Gallo's* ruling
     regarding the filed rate doctrine should somehow excuse their untimely effort to amend their
20   Complaint after losing on summary judgment is demonstrated by their filings one month after the
     *Gallo* opinion issued on September 19, 2007.  On October 12, 2007, Plaintiffs filed two pleadings
21   which made clear that nothing in *Gallo* altered their strategic decision to pursue refunds – and not
     damages – in this case.  First, Plaintiffs actually sought leave to amend their Complaint, but only
22   to add an additional party to try to remedy their standing problem with their refund claims.
     Tellingly, Plaintiffs chose not to add a treble damage claim one month after *Gallo* was decided.
23   Motion to Amend Complaint, *Breckenridge*, Docs. # 104-105.  Equally damning, in their
     opposition to Defendants' Rule 56 motion, also filed one month after *Gallo*, Plaintiffs never
24   argued that the motion was defective for failing to address the damage theory Plaintiffs would now
     like to pursue.  Response to Motion for Summary Judgment, *Breckenridge*, Doc. # 103.  The
25   reason is clear: before Plaintiffs lost on their refund theory, they had no interest in pursuing a
     damage claim, regardless of *Gallo*.
26

1   during summary judgment briefing, the Third Circuit granted amendment, finding that plaintiff had

2   diligently raised that alternative theory).  In each of those cases, the court granted leave to amend

3   after finding that the plaintiffs had diligently sought the amendments after new information came to

4   light.[6]

5          B.      <u>Plaintiffs' Tactical Maneuver of Seeking Actual Damages Only After Failing to</u>

6                  <u>Establish the Viability of a Claim For Full Consideration Damages Is Improper.</u>

7          In the case at hand, Plaintiffs run afoul of well-settled law that prohibits parties from

8   engaging in tactical maneuvers to force the court to consider various theories seriatim.  As criticized

9   by the *Dussouy* court, Plaintiffs are doing nothing more than trying to seek an alternative theory of

10  damages after failing to establish that they were entitled to full consideration refunds against all

11  Defendants.  *See Dussouy*, 660 F.2d at 599.

12         Plaintiffs have both ignored and failed to satisfy their burden of explaining why the actual

13  damages theory could not have been pled at the outset of this litigation, and do not even attempt to

14  provide any justification for their piecemeal assertion of their theories for monetary relief.

15  Plaintiffs' failure is unavoidable, because they knew of their ability to claim actual damages but

16  made the tactical choice from the inception of this lawsuit to seek full-consideration refunds instead.

17  The same Plaintiffs' counsel involved in this case have previously included actual damages in their

18  other MDL gas index cases.  For example, in *Arandell*, five months before the filing of the

19

20  ―――――――――――――

[6] Plaintiffs also argue that *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541 (D. Nev. 2004) – a
21  case cited by this Court for the proposition that every defendant in an action must have at least one
    plaintiff that can assert a valid claim against it – requires this Court to *sua sponte* permit Plaintiffs
22  to amend to belatedly assert a claim that it chose not to raise for tactical reasons.  Motion at 5.
    However, the court did not address whether new *claims* (that were available at the outset of the
23  case) could be added.  Instead, the court was faced with the question of whether a plaintiff, having
    a cause of action against a single defendant, has standing to maintain a class action against an
24  unrelated group of defendants who have engaged in similar conduct.  *Id.* at 543.  Recognizing an
    assumption in the Ninth Circuit that standing exists, and applying the rule that each defendant
25  must have one plaintiff, the court permitted plaintiff to join other named plaintiffs within the class
    in order to establish standing for each defendant.  *Id.* at 544.  There is no such presumption of
26  standing here.

1   Complaint in this case, the same attorneys alleged one count of actual damages, and another count

2   for refund damages. *See Arandell*, Second Amended Complaint, Doc. # 183 at p. 57. The fact that

3   Plaintiffs have always known of their ability to allege actual damages is supported by Plaintiffs'

4   motion, in which they admit that their actual damage claim did not require the discovery of any new

5   information: "the treble damages remedy arises out of defendants' manipulation of natural gas

6   prices between 2000 and 2001 that led to inflated natural gas prices in Colorado, the same conduct

7   from which the full consideration remedy comes." Motion at p. 3.[7]

8          Despite their full knowledge of the availability of the standard antitrust damage claim,

9   Plaintiffs have not only failed to seek such damages, they have affirmatively rejected any claim for

10  actual damages. Since the case was filed, Plaintiffs have had every opportunity to seek amendment

11  prior to the Court's ruling granting summary judgment. Plaintiffs filed this case nearly two years

12  ago, vigorously opposed Defendants' Motion for Summary Judgment, and even successfully

13  amended the Complaint to add a party during the summary judgment proceedings. However,

14  Plaintiffs never suggested that they were interested in pursuing an actual damage claim. *See* Order

15  at pp. 15-16. During the summary judgment briefing, Defendants even highlighted that Plaintiffs

16  were intentionally seeking full-consideration damages instead of actual damages. *See Breckenridge*,

17  Defendants' Reply Memorandum in Support of Motion for Summary Judgment, Doc. # 114. at p. 5.

18  Plaintiffs responded with a lengthy surreply in which they argued extensively in favor of their claim

19  for standing under the full consideration statute; not once did Plaintiffs suggest that they were

20  seeking actual damages as well.[8] *See generally Breckenridge*, Plaintiffs' Surreply in Opposition to

21  _____

22  [7] Plaintiffs take that position in the context of their argument that the amendment relates back to the
       date of the original Complaint, so as to avoid a statute of limitations bar. Plaintiffs should not be
23     permitted to rely on the similarity of operative facts in order to avoid the statute of limitations, and
       then ignore those same facts in an effort to convince the Court that it should give them another
24     chance to amend due to their failed tactical decisions.

25  [8] In Plaintiffs' Motion for Reconsideration, filed along with their Motion to Amend, Plaintiffs
       disingenuously argue, for the first time, that their original Complaint sought actual damages. For a
26     more detailed discussion on the fallacies of this argument, Defendants direct to the Court to
                                                                              (continued...)

1    Summary Judgment, Doc. # 115-2.  Moreover, Plaintiffs have repeatedly distinguished this case

2    from other cases seeking actual damages on the basis that seeking full consideration in this case was

3    critically different from cases seeking actual damages.  MDL Panel, *In Re Nat. Gas Antitrust Litig.*,

4    Motion to Create a New MDL Matter for Full Consideration Cases, dated October 30, 2006 at p. 3;

5    *See Learjet, Inc., et al. v. Oneok, Inc., et al.*, MDL 1566 2:06-CV-00233-PMP-PAL, Plaintiffs'

6    Motion to Appoint Separate Lead Counsel for the Full Consideration Cases, Doc. # 55 at p. 4.;

7    *Breckenridge*, Plaintiff's Response to Defendants' Motion to Dismiss on Preemption and Filed Rate

8    Grounds, Doc. # 481 at p. 12-16.[9]

9           Only after the Court rejected their arguments with respect to full-consideration damages did

10   Plaintiffs reluctantly conclude that an actual damage claim was necessary to keep their case alive.

11   But as the court observed in *Dussouy*, "where the movant first presents a theory difficult to establish

12   but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the

13   grounds of bad faith may be appropriate."  660 F.2d at 599.  Plaintiffs should not be permitted to

14   engage in these tactical maneuvers, and the Court should deny leave to amend.

15

16

17

18

19

20

21   _____

     (...continued)

22   Defendants' Opposition to that Motion.  Moreover, it is disingenuous for Plaintiffs to
     simultaneously argue that their original Complaint sought actual damages, and also that they

23   should be entitled to amend to state the same claim.

24   [9] In their opposition to remand of the *Arandell* case, filed in the U.S. District Court for the Western
     District of Wisconsin, Plaintiffs argued at length that their case was "remarkably different" from

25   most antitrust cases in that Plaintiffs were requesting the "full consideration" remedy available
     under Wisconsin law.  *Arandell*, Memorandum in Support of Plaintiffs' Motion to Remand, Doc. #

26   23 at p. 2.

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

1    IV.    **CONCLUSION**

2            For the reasons set forth herein, Plaintiffs' Motion for Leave to Amend should be denied.

3                                                  Respectfully submitted,

4    DATED: March 31, 2008                          QUINN EMANUEL URQUHART
                                                     OLIVER & HEDGES LLP
5
                                                     ROXANNA MANUEL
6                                                    A. WILLIAM URQUHART
                                                     MARSHALL M. SEARCY
7

8
                                                     _/s/ Roxanna Manuel_
9                                                    865 S. Figueroa Street, 10th Floor
                                                     Los Angeles, CA  90017
10                                                   Telephone:  (213) 443-3000
                                                     Facsimile:  (213) 443-3100
11

12   DATED: March 31, 2008                          FULBRIGHT & JAWORSKI LLP

13                                                   JOSHUA D. LICHTMAN

14
                                                     _/s/ Joshua D. Lichtman_
15                                                   555 S. Flower Street, 41st Floor
                                                     Los Angeles, CA  90071
16                                                   Telephone:  (213) 892-9200
                                                     Facsimile:  (213) 680-4518
17
                                                     Attorneys for Defendant Coral Energy Resources L.P.
18

19

20

21

22

23

24

25

26

1   DATED: March 31, 2008        DICKSTEIN SHAPIRO LLP

2                                 JOEL B. KLEINMAN

3

4                                 */s/ Joel B. Kleinman*
                                   1825 Eye Street NW

5                                 Washington, DC  20006-5403
                                 Telephone:  (202) 420-2200

6                                 Facsimile:   (202) 420-2201

7                                 Attorneys for Defendants Duke Energy Corporation;
                                 Duke Energy Trading and Marketing, L.L.C.

8

9   DATED: March 31, 2008        GABLE & GOTWALS, A PROFESSIONAL
                                 CORPORATION

10

11                               AMELIA A. FOGLEMAN

12

13                               */s/ Amelia A. Fogleman*
                                 1100 ONEOK Plaza

14                               100 West 5th Street
                               Tulsa, OK  74103

15                               Telephone:  (918) 595-4800
                               Facsimile:  (918) 595-4990

16                               Attorneys for Defendants ONEOK Inc. and ONEOK
                               Energy Services Company, L.P., formerly known as

17                               ONEOK Energy Marketing and Trading Company,
                               L.P.

18

19   DATED: March 31, 2008        HOGAN & HARTSON L.L.P.

20                               ROBERT B. WOLINSKY
                               STEVEN J. ROUTH

21

22

23                               */s/ Robert B. Wolinsky*
                                 555 Thirteenth Street, NW

24                               Washington, DC  20004
                               Telephone:  (202) 637-5600

25                               Facsimile:  (202) 637-5910

26                               Attorneys for Defendants American Electric Power
                               Company, Inc. and AEP Energy Services, Inc.

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

| | | |
|---|---|---|
| 1 | DATED: March 31, 2008 | HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C. |
| 2 | | |
| 3 | | GRAYDON DEAN LUTHEY, JR.<br>SARAH JANE GILLETT<br>STEPHANIE A. HORTON |
| 4 | | |
| 5 | | */s/  Graydon Dean Luthey, Jr.*<br>320 South Boston Avenue, Suite 400 |
| 6 | | Tulsa, OK  74103-3708<br>Telephone:  (918) 594-0400<br>Facsimile:  (918) 594-0505 |
| 7 | | |
| 8 | | Attorneys for Defendants The Williams Companies, Inc., Williams Merchant Services Company, Inc., and Williams Energy Marketing & Trading Company, now |
| 9 | | known as Williams Gas Marketing, Inc. |
| 10 | DATED: March 31, 2008 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 11 | | DOUGLAS R. TRIBBLE<br>JOHN M. GRENFELL |
| 12 | | MICHAEL J. KASS |
| 13 | | |
| 14 | | */s/ Douglas R. Tribble*<br>501 West Broadway, Suite 1100 |
| 15 | | San Diego, CA  92101<br>Telephone:  (619) 234-5000<br>Facsimile:   (619) 819-4275 |
| 16 | | |
| 17 | | Attorneys for Defendant Dynegy Marketing & Trade |
| 18 | DATED: March 31, 2008 | LOCKE LORD BISSELL & LIDDELL LLP |
| 19 | | BRENT BENOIT<br>STACY WILLIAMS |
| 20 | | J. MICHAEL DORMAN<br>JAMES R. LEAHY |
| 21 | | |
| 22 | | */s/ Stacy Williams*<br>600 Travis Street |
| 23 | | 3400 JPMorgan Chase Tower<br>Houston, Texas  77002 |
| 24 | | Telephone: (713) 226-1200<br>Facsimile: (713) 223-3717 |
| 25 | | |
| 26 | | Attorneys for Defendants El Paso Corporation and El Paso Merchant Energy, L.P. |

- 13 -

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

1  DATED: March 31, 2008              SIDLEY AUSTIN LLP

2                                     MICHELLE B. GOODMAN

3

4                                     /s/ Michelle B. Goodman
                                      555 West 5th Street, Suite 4000
5                                     Los Angeles, CA 90013
                                      Telephone: (213) 896-6000
6                                     Facsimile: (213) 896-6600

7                                     Attorneys for Defendants CMS Energy Resources
                                      Management Company (known during the relevant
8                                     time period of CMS Marketing Services and Trading
                                      Company) and CMS Field Services, Inc.

9

10

11 DATED: March 31, 2008              BINGHAM MCCUTCHEN LLP

12                                    TERRY J. HOULIHAN

13

14                                    /s/ Terry J. Houlihan
                                      Three Embarcadero Center
15                                    San Francisco, CA 94111
                                      Telephone: (415) 393-2000
                                      Facsimile: (415) 393-2286
16

17
   DATED: March 31, 2008              BAKER BOTTS LLP
18

19                                    MARK R. ROBECK
                                      AMY TABOR
20

21                                    /s/ Amy Tabor
                                      One Shell Plaza
22                                    910 Louisiana
                                      Houston, TX 77002
23                                    Telephone: (713) 229-1234
                                      Facsimile: (713) 229-2872

24                                    Attorneys for Defendant Reliant Energy Services, Inc.

25

26

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

1    DATED: March 31, 2008          MORGAN LEWIS & BOCKIUS LLP

2                                   MICHAEL JOHN MIGUEL

3                                   /s/  Michael John Miguel

4                                   300 South Grand Avenue, Suite 2200
                                    Los Angeles, CA  90071-3132
5                                   Telephone:  (213) 612-2500
                                    Facsimile:  (213) 612-2501
6
                                    Attorneys for Defendant e prime, inc.
7

8    DATED: March 31, 2008          AKIN GUMP STRAUSS HAUER & FELD, LLP

9                                   ORRIN L. HARRISON III
                                    KAREN C. CORALLO
10

11
                                    /s/ Orrin Harrison III
12                                  1700 Pacific Avenue, Suite 4100
                                    Dallas, TX  75201
13                                  Telephone:  (214) 696-2800
                                    Facsimile:  (214) 969-4343
14

15   DATED: March 31, 2008          AKIN GUMP STRAUSS HAUER & FELD, LLP

16                                  REGINALD D. STEER

17                                  /s/ Reginald D. Steer
18                                  580 California Street, Suite 1500
                                    San Francisco, CA  94104-1036
19                                  Telephone:  (415) 765-9500
                                    Facsimile:  (415) 765-9501
20
                                    Attorneys for CenterPoint Energy, Inc.
21

22

23

24

25

26

DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO ADD A TREBLE DAMAGES CLAIM

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on the 31st day of March, 2008, a true and correct copy of  the

3    foregoing **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR**

4    **LEAVE TO AMEND TO ADD A TREBLE DAMAGES CLAIM** was served by first

5    class mail on plaintiff's counsel, as listed below, and was electronically transmitted to the

6    Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic

7    Filing to all ECF registrants in this case.

8

9

10                                          Brenda Edgington

11

12   Philip Wayne Bledsoe, Esq.          Donald D. Barry, Esq.
     **Shughart Thomson & Kilroy, P.C.**   **Barry Law Offices, LLC**
13   1050 17th Street               Donald D. Barry, Chartered
     Suite 2300                          5340 S.W. 17th Street
14   Denver, CO 80265                    P.O. Box 4816
     (303) 572-9300                      Topeka, KS  66604
15   Fax: (303) 572-7883                 (785) 273-3151
     Email: pbledsoe@stklaw.com          Fax:  (785) 273-5115
16

17   Gregory M. Bentz, Esq.
     Jennifer Gille Bacon, Esq.
18   R. Lawrence Ward, Esq.
     **Shughart Thomson & Kilroy, P.C.**
19   1700 Twelve Wyandotte Plaza
     120 W. 12th Street
20   Kansas City, MO  64105
     (816) 421-3355
21   Fax: (816) 374-0509
     Email: gbentz@stklaw.com
22   Email: jbacon@stklaw.com
     Email: lward@stklaw.com
23

24

25

26

27

28