ADAM R. F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

ERIKA FURLONG, Trial Attorney (PA Bar No. 319350)
YOUNG KANG, Trial Attorney (FL Bar No. 1025505)
P.O. Box 7611
Washington, DC 20044-7611
Tel:   (202) 598-9571 (Furlong)
       (202) 322-8378 (Young)
E-mail: erika.furlong@usdoj.gov
        young.kang@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | ) Case No. 3:22-cv-03520-TLT |
| PENNY RUVELAS, in her official capacity as Assistant Regional Administrator, California Coastal Area Office, National Marine Fisheries Service, *et al.*, | )<br>)<br>)<br>)<br>) |
| *Defendants*. | )<br>) |

**DECLARATION OF YOUNG KANG IN SUPPORT OF FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Young Kang, hereby declare as follows:

1. I am a Trial Attorney with the United States Department of Justice, Environment and Natural Resources Division, and I serve as counsel of record for Federal Defendants in this matter.

2. On May 2, 2025, Plaintiffs filed an application in support of an award of fees and costs in this litigation. ECF 74.

3. In support of their application, Plaintiffs submitted timesheets with just under two thousand individual billing entries in PDF format. *See* ECF 75, 76.

4. Professional staff in my office converted the billing entries from PDF to Excel format.

5. I have reviewed the Excel spreadsheets and, to the best of my ability, have ensured they accurately reflect Plaintiffs' filed billing entries.

6. Exhibits C through E and G through J attached to Defendants' Response summarize excerpts from Plaintiffs' timesheets that my office generated from the converted Excel timesheets as described above.

7. Attached to Federal Defendants' Response as Exhibit B is a true and accurate copy of a memorandum from the Office of Legal Counsel titled "Payment of Attorney's fees in Litigation Involving Successful Challenges to Federal Agency Action Arising Under the Administrative Procedures Act and the Citizen-Suit Provisions of the Endagered Species Act."

8. Attached to Federal Defendants' Response as Exhibit A is a true and accurate copy of Plaintiffs' February 24, 2022 letter to in which they notified NMFS of their intent to bring a lawsuit against the agency, pursuant to the ESA citizen suit, for violations of the ESA.

9. Attached to Federal Defendants' Response as Exhibit F is a true and accurate copy of Western Environmental Law Center's Financial Statements for the years ending December 31, 2022 and 2023.

I. **PLAINTIFFS' ENTITLEMENT TO FEES AND COSTS**

   **A. Plaintiffs are not entitled to fees and costs**

10. As described in Defendants' response brief, Plaintiffs are not entitled to fees and costs because their claim is untimely and Defendants were substantially justified. Federal Defs.' Resp. to Pls.' Mot. for Att'ys' Fees, Costs, and Other Expenses ("Defs.' Resp.") at 3-12, ECF No. 88.

11. Plaintiffs are additionally not entitled to attorneys' fees for work done by Mr. Wheeler because his work was entirely in the role of client Executive Director or in-house counsel

acting as a client representative. Defs.' Resp. at 20. Exhibit G includes a table containing Mr. Wheeler's time entries.

### B. If Plaintiffs are entitled to fees and costs, they are only entitled to work done on their NEPA claims

12. As described in Defendants' response brief, Plaintiffs are only entitled to recover attorneys' fees for work done on Plaintiffs' NEPA claims. Defs.' Resp. at 3-6.

13. Exhibit C includes a table summarizing all charges Plaintiffs billed for work on their NEPA claims. Plaintiffs claim a total of **60.3 hours** for this work.[1] These hours, minus the deductions described in Section II, are the only hours for which Plaintiffs are entitled to compensation.

## II. SUMMARY OF DEDUCTIONS TO THE LODESTAR

14. If the Court rules that Plaintiffs are entitled to costs and fees, the lodestar should be reduced as follows.

15. Exhibit H includes a table summarizing all charges billed for pre-retainer and pre-complaint work, including hours spent on client development. Plaintiffs claim a total of **342 hours** for this work, which we have deducted from the lodestar.

16. Exhibit J includes a table summarizing all charges billed for administrative, clerical, and similar work. Plaintiffs claim a total of **30 hours** for this work, to which we have applied a 50% deduction.

17. Exhibit I includes a table summarizing all charges billed for duplicative or excessive hours. Plaintiffs claim a total of **50 hours** for this work, to which we have applied a 50% deduction.

18. Exhibit D includes a table summarizing all charges billed for Plaintiffs' attorneys' work on their Safe Harbor Policy argument. If the Court does not exclude all ESA hours as non-compensable here, it should at a minimum still exclude Plaintiffs' work on their Safe Harbor arguments because the Court found for Defendants on that issue. *See* Defs.' Resp.

---

[1] Plaintiffs' claimed hours for paragraphs 9 and 12 through 15 were calculated by subtracting the total "Plaintiff Omitted Hours" from the total "Time Keeper's Claimed Hours".

at 5 fn. 9. Under this Court's duty to consider the results obtained when evaluating a proposed EAJA award, the Court should deduct these hours from the lodestar because Plaintiffs were unsuccessful on this claim. *Id*. Plaintiffs claim a total of **60.9 hours** for this work, which we have deducted from the lodestar. While the United States did not tabulate the time spent on Plaintiffs' remaining Section 10 issues, those hours are similarly non-compensable for the same reasons because the Court did not reach those issues. *See id*. If it would aid the Court in formulating a reasonable fee award, the United States can provide a tabulation of that time.

19. Exhibit E includes a table summarizing all charges billed for Plaintiffs' attorneys' work on client solicitation and development. Plaintiffs claim a total of **64.3 hours** for this work, which we have deducted from the lodestar.

### III.   SUMMARY OF ENHANCED RATE REDUCTIONS

20. As described in Federal Defendants' brief, EAJA's statutory maximum rates, as adjusted by the Ninth Circuit's cost of living adjusted hourly rate, are the appropriate rates to apply to Plaintiffs' NEPA work in this case. Defs.' Resp. at 13-18. However, if the Court determines Plaintiffs are entitled to enhanced market rates under EAJA, it should apply a rate based on the 2022 Oregon State Bar Economic Survey. Oregon State Bar, Oregon State Bar 2022 Economic Survey ("2022 OSBES"), https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

21. Plaintiffs claim enhanced rates for attorneys Peter M. K. Frost and Sangye Ince-Johannsen based on market rates applicable to the Northern District of California. Pls.' Mot. for Att'ys' Fees, Costs and Other Expenses ("Pls.' Mot.") at 14-16, ECF No. 74.

22. However, Plaintiffs' attorneys' practice is located in Eugene, Oregon and because this case was decided on motions for summary judgment the majority of the work appears to have been conducted there. *See* Pls.' Mot. at 1 (Plaintiffs' attorneys' addresses listing Eugene, Oregon). Accordingly, if this Court were to apply forum market rates it would provide plaintiffs with a windfall contrary to the purposes of EAJA. Defs.' Resp. at 18-20.

23. In 2021-2025 Mr. Frost fell within the 30+ years' experience range. Pls.' Mot. at 18. In 2021 hourly rates for attorneys in the Upper Willamette Valley, the applicable region for Eugene, Oregon, for attorneys with 30+ years of experience were as follows:

    Mean Rate: $304

    Median Rate: $308

    95th Percentile: $408

2022 OSBES at 43. The United States proposes using the median hourly rate as a representative hourly rate for an attorney working out of Eugene, Oregon. Adjusting the median hourly rate annually through 2025 using the CPI-U calculation method[2] results in the following appropriate hourly rates for Mr. Frost:

| Year   | 2021     | 2022     | 2023     | 2024     | 2025     |
|--------|----------|----------|----------|----------|----------|
| Median | $308.00  | $332.66  | $346.93  | $356.69  | $364.18  |

24. In 2021-2025 Mr. Ince-Johannsen fell within the 0-3 years and 4-6 years' experience range. Pls.' Mot. at 18. In 2021 hourly rates for attorneys in the Upper Willamette Valley, the applicable region for Eugene, Oregon, for attorneys with 0-3 years of experience were as follows:

    Mean Rate: $232

    Median Rate: $225

    95th Percentile: n/a

---

[2] This Court has previously approved of a method for adjusting market rates for inflation where the previously established rate is multiplied by the consumer price index for urban consumers ("CPI-U") for the new year and then divided by the CPI-U for the year of the previously established rate. *See Velazquez v .Holder*, 2010 WL 5300862 at 8 fn. 1 (N.D. Cal. Dec. 20, 2010); Bureau of Labor Statistics, *CPI for All Urban Consumers (CPI-U) – West*, https://data.bls.gov/timeseries/CUUR0400SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true, last visited September 15, 2025. Defendants used the annual CPI-U for each year in the table except for 2025, which used the half-year value because the annual value is not yet available.

2022 OSBES at 42. In 2021 hourly rates for attorneys in the Upper Willamette Valley, the applicable region for Eugene, Oregon, for attorneys with 4-6 years of experience were as follows:

Mean Rate: $276

Median Rate: $250

95th Percentile: $498

2022 OSBES at 42. Adjusting the median hourly rate annually through 2025 using the CPI-U calculation method results in the following appropriate hourly rates for Mr. Ince-Johannsen[3]:

| Year   | 2021     | 2022     | 2023     | 2024     | 2025     |
|--------|----------|----------|----------|----------|----------|
| Median | $225.00  | $243.01  | $281.60  | $289.52  | $295.60  |

### IV. COMPENSABLE ATTORNEYS' FEES

25. To calculate the compensable attorneys' fees proposed in this section, Defendants calculated the monetary value of each time entry by applying the deductions proposed in paragraphs 15-19 (and associated exhibits) to each time entry where applicable. The proposed fee award is the sum of the monetary value of each time entry.

26. The categories of deductions in paragraphs 15-19 contain overlapping deductions. For example, there are certain time entries that include both administrative work and pre-retainer work. To account for these entries in the total number of hours used to calculate the following proposed fee awards, the deduction applied to any single time entry is the sum of all applicable percentage deductions but does not impose more than a 100% deduction for any single entry.

27. Applying all the deductions described in paragraphs 15-19 to the hours charged for NEPA work only, and applying the Ninth Circuit's cost-of-living adjusted statutory

---

[3] For the years 2021 and 2022, the rate in the table utilized 2022 OSBES rates for attorneys with 0-3 years of experience. For the years 2023, 2024 and 2025, the rates utilized the 2022 OSBES rates for attorneys with 4-7 years of experience. As with Mr. Frost's suggested rates, Defendants used the annual CPI-U for each year in the table except for 2025, which used the half-year value because the annual value is not yet available.

1. maximum rates under EAJA, results in a revised attorneys' fee award of **$10,943.12** for time billed by attorneys in this case.

28. Applying all the deductions described in paragraphs 15-19 to the hours charged for NEPA work only, and applying enhanced market rates with the adjustments described in paragraphs 23-24, results in a revised attorneys' fee award of **$14,612.26** for time billed by attorneys in this case.

29. Applying all the deductions described in paragraphs 15-19 to Plaintiffs' proposed lodestar, and properly applying the Ninth Circuit's cost-of-living adjusted statutory maximum rates under EAJA, results in a revised fee award of **$144,817.48** for time billed by attorneys in this case.

30. Applying all the deductions described in paragraphs 15-19 to Plaintiffs' proposed lodestar, and applying enhanced market rates with the adjustments described in paragraphs 23-24, results in a revised award of **$183,578.24** for time billed by attorneys in this case.

## V. COSTS AND EXPENSES

31. Plaintiffs request a total of $1,721.28 in fees and costs, including $974.49 in travel costs and expenses. *See* Pls.' Mot. at 16.

32. As argued in Defendants' response brief, Plaintiffs are not entitled to any of these costs because Plaintiffs should have sought to recover these costs under the ESA's citizen suit provision and Plaintiffs' have not provided any basis to conclude that any costs or expenses were attributable exclusively to their NEPA claim. These costs and expenses should be excluded completely. Defs.' Resp. at 24.

33. If the Court rules that Plaintiffs' costs and expenses are recoverable under EAJA, Plaintiffs are not entitled to the travel costs, and so this Court should award at most $746.79 in fees and costs. Defs.' Resp. at 24.

## VI. REVISED TOTALS

34. If the Court finds that Plaintiffs are entitled to an award of fees and costs under EAJA it should award no more than the following:

| EAJA's Statutory Maximum Rates Applied to Plaintiffs' NEPA Work Only Minus Proposed Deductions: | | |
|---|---|---|
| Attorney Fees | Costs and Expenses | **TOTAL AWARD:** |
| $10,943.12 | $0.00 | **$10,943.12** |

| Proposed Adjusted Enhanced Rates to Plaintiffs' NEPA Work Only Minus Proposed Deductions: | | |
|---|---|---|
| Attorney Fees | Other Costs | **TOTAL AWARD:** |
| $14,612.26 | $0.00 | **$14,612.26** |

| EAJA's Statutory Maximum Rates to Plaintiffs' Lodestar Minus Proposed Deductions: | | |
|---|---|---|
| Attorney Fees | Other Costs | **TOTAL AWARD:** |
| $144,817.48 | $746.79 | **$145,564.27** |

| Proposed Adjusted Enhanced Rates to Plaintiffs' Lodestar Minus Proposed Deductions: | | |
|---|---|---|
| Attorney Fees | Other Costs | **TOTAL AWARD:** |
| $183,578.24 | $746.79 | **$184,325.03** |

**VII.   Requested Documentation**

35. Federal Defendants repeatedly requested that Plaintiffs' counsel provide the following documents related to this case to assist in the evaluation of Plaintiffs' requested fees and costs: fee agreements, retainer agreements, engagement letters, representation agreements. Plaintiffs' counsel refused to provide these documents. Federal Defendants' counsel recently reiterated the request and also requested that Plaintiffs' counsel provide Western Environmental Law Center's hourly rates for cases where it charges clients for

the following years: 2021, 2022, 2023, 2024, 2025. Plaintiffs' counsel did not respond to this request.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. Executed on this 17th day of September, 2025, in Washington, District of Columbia.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ Young Kang
YOUNG KANG
*Trial Attorney*
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 322-8378
Facsimile: (202) 305-0275
Email: young.kang@usdoj.gov