**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENVIRONMENTAL PROTECTION INFORMATION CENTER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PENNY RUVELAS, in her official capacity as Assistant Regional Administrator, California Coastal Area Office, National Marine Fisheries Service, *et al.*,<br><br>*Defendants*. | Case No. 3:22-cv-03520-TLT |

**JOINT STATUS REPORT**

Plaintiffs Environmental Protection Information Center and Friends of the Shasta River ("Plaintiffs"), and Defendants, Penny Ruvelas, in her official capacity as Acting Assistant Regional Administrator, California Coastal Area Office, National Marine Fisheries Service ("NMFS"); Dan Wilson, in his official capacity as Acting Klamath Branch Chief, California Coastal Area Office, NMFS, and NMFS (collectively, "Defendants"), submit the following status report pursuant to the Court's January 23, 2024, Order Granting Plaintiffs' Motion Under Rule 59(e), Dkt. 58 at 2, and state:

1. Implementation of the Template Safe Harbor Agreement, Site Plan Agreements, and Enhancement of Survival Permits.

Defendants represent that they continue to comply with the Court's orders of July 11, 2023, and January 23, 2024, with regard to the Template Safe Harbor Agreement for Conservation of Coho Salmon in the Shasta River ("Agreement") and associated Site Plan Agreements (collectively, "Shasta SHAs"), and the Enhancement of Survival Permits to protect the Shasta River population of the Southern Oregon / Northern California Coast coho salmon ("SONCC coho") evolutionarily significant unit and improve SONCC coho habitat. Dkt. 47, 58. The Safe Harbor Agreement permittees have prepared and submitted their reports on their

implementation of their Site Plan Agreements. On June 29, NMFS published their SHA annual implementation report.

2. Preparation of an Environmental Impact Statement and Biological Opinion.

Since the prior status report, NMFS has continued outreach and analytical work on compiling flow data and gathering and evaluating information on implementation of the Safe Harbor Agreements. As stated in the previous status report, Dkt. 107, however, NMFS has been re-evaluating whether, and if so, how to proceed with the underlying permits themselves. NMFS now believes that pursuing alternatives to the existing permits at issue in this case can result in better conservation outcomes and satisfy the purposes of the Court's earlier remedy orders. To this end, NMFS and the landowners will be working collaboratively on additional or modified voluntary conservation approaches and regulatory assurances to more effectively achieve the goals of the current Shasta SHAs.

Because NMFS no longer intends to retain the permits in their existing form, it has paused work on, and no longer intends to complete, an EIS and BiOp for the existing permits. Therefore, NMFS is developing and intends to file a motion under Federal Rule of Civil Procedure 60(b), requesting relief from the Court's Orders directing NMFS to complete a BiOp and EIS by December 31, 2026. The motion would request that the Court modify the remedy orders, based on NMFS's proposal to amend the existing permits by modifying the expiration date to the end of 2031, an amendment that NMFS anticipates executing by the end of 2026. The motion would not request relief from the Court's existing limitations on "take" under the existing permits. Dkt. 58 (suspending the permits except as to ten enumerated beneficial activities during the remand). The effect of this Rule 60(b) motion that NMFS is developing would be that the existing permits expire by their own terms at the end of 2031, during which time the Court-imposed limitations on take coverage would continue. Going forward, if the motion is granted, NMFS and the landowners would work collaboratively on seeking additional or voluntary conservation approaches. NMFS would also seek input from potentially affected tribes. If this process resulted in agreement on new or enhanced voluntary measures that support issuing new permits to replace or modify the ones that would be set to expire at the end of 2031, NMFS

would comply as required with NEPA and ESA Section 7 on any new final agency actions, in a manner consistent with the findings of the Court's 2023 summary judgment order. In the absence of such new agency action, the existing permits that were the subject of the Court's prior remedy orders would expire. The details of the intended process, the relief sought, and the legal basis for granting it, will be explained in detail in the forthcoming motion.

3. Plaintiffs' Statement

Plaintiffs and NMFS are conferring as to possible next steps for this case and, for Plaintiffs' part, hope to have something to the Court before the scheduled status call.

Dated: July 1, 2026. Respectfully submitted,

*/s/ Peter M. K. Frost*
Peter M. K. Frost, *pro hac vice*
Western Environmental Law Center
120 Shelton McMurphey Blvd., Suite 340
Eugene, Oregon 97401
(541) 359-3238
frost@westernlaw.org

Thomas E. Wheeler, CA Bar #304191
Environmental Protection Information Center
145 G Street, Suite A
Arcata, California 95521
(707) 822-7711
tom@wildcalifornia.org

*Attorneys for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Young Kang*
YOUNG KANG
*Trial Attorney*
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 322-8378
Facsimile: (202) 305-0275
Email: young.kang@usdoj.gov

ERIKA FURLONG
*Trial Attorney*
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0424
Facsimile: (202) 305-0275
Email: erika.furlong@usdoj.gov

*Counsel for the Defendants*